**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **CardWare Inc.,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:24-cv-00278-DC-DTG |
| | § | |
| **Google LLC,** | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Plaintiff CardWare Inc. ("Plaintiff") and Defendant Google LLC ("Defendant") (collectively, "the Parties") hereby provide the following report pursuant to the Court's January 28 2025 Order Setting Initial Pretrial Conference Held in Person (Dkt. No. 33), Local Rule CV-16, and Rule 26 of the Federal Rules of Civil Procedure.

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not each party should state its position on the amount in controversy.

**Joint Response**: There are no outstanding jurisdictional issues. The parties agree that the Court has subject matter jurisdiction because it involves allegations of patent infringement under Federal law. Defendant has indicated that it intends to file a motion to transfer pursuant to 28 U.S.C. 1404.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these parties be dismissed?

**Joint Response:** There are no unserved parties.

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Joint Response**: On November 4, 2024 Plaintiff filed a complaint asserting four causes of action for Defendant's alleged infringement of   U.S. Patent Nos. 10,339,520; 10,810,579; 11,176,538; and 11,620,634 under 35 U.S.C. § 271. Dkt. No. 1. The elements for these causes of action are: (1) ownership of the asserted patents and (2)     infringement of the

1

asserted patents by, without authorization, making, using, offering to sell, or selling devices that practice one or more claims of the asserted patents, within the United States or importing into the United States any devices that practice one or more claims of the asserted patents. Because Defendant's motion to dismiss remains pending, they have not yet pleaded any defenses or counterclaims.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**Joint Response:** There are no agreements or stipulations at this time.

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**Joint Response:** The parties have each represented that they are not currently aware of overseas discovery that will be required. Accordingly, the parties do not have proposed changes in the timing, form, or requirement for disclosures under Rule 26(a) at this time.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**Joint Response.** Plaintiff believes it will need discovery relating to Defendants' alleged infringement, as well as damages and willfulness-related issues. Defendant believes it will need discovery on issues related to claim construction, invalidity, equitable defenses, and damages. The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**Joint Response.** The Parties intend to submit a proposed e-discovery order setting forth a protocol for electronic discovery, including the format for production. The Parties do not foresee any other issues relating to the disclosure, discovery or preservation of electronically stored information.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**Joint Response:** The parties anticipate submitting a bespoke proposed Protective Order addressing the needs of the case. Within that proposed Protective Order, the Parties anticipate proposing a protocol for dealing with the production of inadvertently produced

privileged or otherwise protected or immune material.  Prior to entry of any such proposed Protective Order, the Parties agree that they will abide by the Protective Order appended to the Local Rules as Appendix H-2.

(E)   what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**Joint Response:** The Parties agree that each side shall be limited to 70 hours of total deposition time, inclusive of third-parties.  Within those 70 hours, each side may take up to 20 hours of 30(b)(6) testimony of the other Party, which shall count against that Party's 70-hour limit.  Each party witness deposed under Rule 30(b)(1) shall count as a minimum of 3.5 hours of deposition time against the 70-hour limit, even if the actual deposition does not last that long; however, this minimum shall not apply to a Party's 30(b)(6) time—each Party gets 20 hours of actual 30(b)(6) time, provided it is still within its 70-hour limit.

(F)   any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**Joint Response:**  As noted above, the parties contemplate submitting a bespoke proposed Protective Order.

6. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

**Joint Response**: Discovery has not yet started.

7. What, if any, discovery disputes exist?

**Joint Response**: The Parties do not currently have any discovery disputes.

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**Joint Response:**  The Parties contemplate proposing an Order pursuant to FRE 502 as part of their proposed bespoke Protective Order.

9. Have the parties discussed mediation?

**Joint Response**:  The Parties believe that mediation is premature at this time.

10. Are there any pending motions, and if so, does either party desire a hearing?

**Joint Response**:  Defendant has filed a motion to dismiss, which remains pending.  The Parties defer to the Court's preference regarding a hearing.

Appendix N:  The Parties provide the following responses to the default standard question from Appendix N not addressed above.

**Appendix N, Question 14.  Are there any other scheduling or discovery items requiring the court's attention?**

The Parties met and conferred but could not reach agreement on a schedule.  Thus, the Parties are submitting competing proposed scheduling orders.  Google's Proposal is in Schedule B.

**CardWare's Response**:  Google originally proposed the schedule attached as Schedule A on Feb. 4, 2025.  Google sent a "long form" version, with the same dates proposed on Feb. 4 to CardWare on Feb. 13, 2025.  CardWare agreed and got client sign off for that schedule, which also tracked the relative timings set forth in the Court's model in the Standing Order Governing Patent Proceedings (Appendix A).  On the day this report was due, Google told CardWare that it no longer agreed to the schedule that it had originally proposed and wanted to push off various dates.  Unfortunately, CardWare was not able to respond to Google's new position by the time of this filing.  Google is not correct that the parties are in agreement about the case deadlines through the close of fact discovery under Google's last-minute revised schedule.  To the extent the later dates change, including trial, several others should as well (including the close of fact discovery).  The undersigned counsel for CardWare has not had time to discuss these issues with their client.

**Google's Response**:  Google's proposed schedule mirrors CardWare's proposed schedule through the close of fact discovery.  Google's proposal differs from CardWare's in two ways.  First, Google proposes starting trial on September 21, 2026, instead of mid-summer on July 27, 2026. Google proposes moving the trial date approximately two months from July 27, 2026, to September 21, 2026, because the mid-summer trial date will likely present issues related to witness availability in this multi-patent, complex case.  CardWare has asserted four patents and served infringement contentions totaling over 600 pages.  Those contentions also identify and implicate third parties like card services company Visa.  Because of the nature of the case, Google expects that, among other witnesses, there are likely going to be multiple Google witnesses and third-party witnesses (e.g., for prior art and/or the aforementioned card services company).  Scheduling trial at the height of summer is likely to present issues in having all of the relevant witnesses available to testify at trial.  Google, therefore, requests that trial be in mid-September and specifically September 21, 2026 to avoid the Labor Day holiday on September 7.

Second, Google adjusts certain deadlines between the close of fact discovery and trial to allow limited additional time for key case events (e.g., *Daubert* and dispositive motions) and to prepare the case for trial.  As noted above, this is a multi-patent, complex case.  Allowing limited additional time for these events will provide the parties an opportunity to more effectively and efficiently present key issues in the case and prepare for trial.  In particular, Google's proposed schedule allows for additional time between the close of fact discovery and service of expert reports, which will better enable the parties to incorporate facts learned at the close of discovery into those reports.

Dated: February 18, 2025                                  Respectfully submitted,

*/s/ Eric H. Findlay*_____
Matthew G. Berkowitz
Yue (Joy) Wang
Navid C. Bayar
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
ywang@reichmanjorgensen.com
nbayar@reichmanjorgensen.com

Caroline Walters
Khue Hoang
Patrick Colsher
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
cwalters@reichmanjorgensen.com
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903)534-1100
Fax: (903)534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

*Attorneys for Plaintiff*

 */s/ Elizabeth L. Brann*___
 Robert W. Unikel (*pro hac vice*)
 robertunikel@paulhastings.com
 PAUL HASTINGS LLP
 71 S. Wacker Drive, Suite 4500

5

Chicago, IL 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100

Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Elizabeth L. Brann (*pro hac vice*)
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert R. Laurenzi (*pro hac vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

James V. Razick (*pro hac vice*)
jamesrazick@paulhastings.com
Jason Mikus (*pro hac vice*)
jasonmikus@paulhastings.com
Puja V. Patel (*pro hac vice*)
pujapatel@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone:  (202) 551-1700
Facsimile:  (202) 551-1705

Katharine Lee Carmona
TX State Bar No. 00787399
kcarmona@jw.com
JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701

Telephone: (512) 236-2000
Facsimile: (512) 236-2002

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
JACKSON WALKER LLP
1900 Broadway, Suite 1200
San Antonio, Texas 78215
Telephone: (210) 978-7700
Facsimile: (210) 978-7790

Attorneys for Defendant
GOOGLE LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record through the Court's CM/ECF on this 18th day of February, 2025.

*/s/ Eric H. Findlay*
Eric H. Findlay
