IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CARDWARE INC., §<br>§<br>Plaintiff §<br>§<br>v. §<br>§<br>GOOGLE LLC, §<br>§<br>Defendant. §<br>§<br>§ | Civil Action No. 7:24-CV-00278-DC-DTG<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................. 1
II.  ARGUMENT ........................................................................................................................ 1
     A.   Claim 19 of the '579 Patent is Representative of the Asserted Claims. ................. 1
     B.   *Alice* Step One: Claim 19 of the '579 Patent is Directed to an Abstract Idea. ........................................................................................................................ 4
     C.   *Alice* Step Two: Claim 19 of the '579 Patent Lacks an Inventive Concept. .......... 8
     D.   Leave to Amend the Complaint Would Be Futile. ............................................... 10
III. CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013)......................................................................................2, 3

*Affinity Labs of Tex., LLC v. DIRECTV, LLC*,
   838 F.3d 1253 (Fed. Cir. 2016)............................................................................................4

*Ancora Techs., Inc. v. HTC Am., Inc.*,
   908 F.3d 1343 (Fed. Cir. 2018)............................................................................................6

*In re AuthWallet, LLC*,
   No. 2022-1842, 2023 WL 3330298 (Fed. Cir. May 10, 2023)..............................................9

*ChargePoint, Inc. v. SemaConnect, Inc.*,
   920 F.3d 759 (Fed. Cir. 2019).......................................................................................7, 10

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014)............................................................................................1

*Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*,
   758 F.3d 1344 (Fed. Cir. 2014)............................................................................................5

*Elec. Power Grp. v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016)............................................................................................9

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016)............................................................................................5

*Finjan Inc. v. Blue Coat Sys., Inc.*,
   879 F.3d 1299 (Fed. Cir. 2018)............................................................................................6

*Hantz Software, LLC v. Sage Intacct, Inc.*,
   No. 2022-1390, 2023 WL 2569956 (Fed. Cir. Mar. 20, 2023)..............................................3

*Innov. Scis.v. Amazon.com, Inc.*,
   778 F. App'x 859 (Fed. Cir. 2019) ......................................................................................9

*Intell. Ventures I LLC v. Symantec Corp.*,
   838 F.3d 1307 (Fed. Cir. 2016)............................................................................................9

*Koninklijke KPN N.V. v. Gemalto M2M GmbH*,
   942 F.3d 1143 (Fed. Cir. 2019)............................................................................................8

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016)............................................................................................6

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Mobile Acuity Ltd. v. Blippar Ltd.*,
 110 F.4th 1280 (Fed. Cir. 2024) ..........................................................................10

*New Hampshire v. Maine*,
 532 U.S. 742 (2001) ..............................................................................................7

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
 65 F.4th 698 (Fed. Cir. 2023) ..............................................................................10

*Smart Sys. Innovs., LLC v. Chi. Transit Auth.*,
 873 F.3d 1364 (Fed. Cir. 2017) .............................................................................2

*TLI Commc'ns LLC v. AV Auto., LLC*,
 823 F.3d 607 (Fed. Cir. 2016) ...............................................................................3

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
 874 F.3d 1329 (Fed. Cir. 2017) ...........................................................................10

*Universal Secure Registry LLC v. Apple Inc.*,
 10 F.4th 1342 (Fed. Cir. 2021) ..............................................................................9

**Statutes**

35 U.S.C. § 101 ................................................................................................6, 7, 9

**Other Authorities**

Fed. R. Civ. P. 15(a)(1) ............................................................................................10

I.   **INTRODUCTION**

CardWare's Opposition (Dkt. 44, hereinafter "Opp.") reinforces the grounds for ruling that the Asserted Claims are patent ineligible (Dkt. 32, hereinafter "Mot."). In its motion, Google identified the abstract idea as generating and using limited-use payment information—a number that is used in place of a fixed credit card number. In opposition, CardWare contends that Claim 19 of the '579 Patent as well as other claims (*e.g.*, Claim 10 of the '520 Patent) are directed to specific, non-conventional processes to achieve payment security. But none of those claims have the requisite specificity to survive a motion to dismiss. To the contrary, CardWare's broad, result-oriented claim language tries to preempt the entire idea of performing a payment transaction with a limited-use number. Representative Claim 19 of the '579 Patent does not explain *how* to generate the limited-use number, just the idea of using one. Claim 10 of the '520 Patent is similarly vague, listing every possible input for generating said information. All of CardWare's Asserted Claims are directed to variations of the same abstract idea using conventional components, with only minor, immaterial differences (*e.g.*, reception of a separate device account number or inclusion of a list of potential values for dynamic generation of a limited-use number). This is why Claim 19 of the '579 Patent is properly representative, and also why Google's motion should be granted.

II.  **ARGUMENT**

   A.   **Claim 19 of the '579 Patent is Representative of the Asserted Claims.**

CardWare's various attacks on Google's identification of Claim 19 of the '579 Patent as representative of the other Asserted Claims should be rejected.

*First*, CardWare incorrectly contends that Claim 19 of the '579 Patent is not representative of the claims asserted in the Complaint.[1] Opp. at 1-2. The Asserted Claims are substantially similar because they each try to encompass the idea of generating limited-use payment information for performing a payment transaction and do so using substantially similar functional limitations. *See* Mot. at 4-6; *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d

---

[1] The Complaint asserts Claim 10 of the '520 Patent; Claim 19 of the '579 Patent; Claim 19 of the '538 Patent; and Claim 1 of the '634 Patent (collectively, "the Asserted Claims"). *See* Dkt. 1.

1343, 1348 (Fed. Cir. 2014) (finding a claim representative when all claims are "substantially similar and linked to the same abstract idea"). Exhibit 2 details the limitation-by-limitation similarities between the Asserted Claims. *See* Ex. 2 (showing substantially similar limitations grouped by color). Specifically, limitations directed to payment-authorizing actions are blue; those directed to generating limited-use payment information are green; and those directed to transmitting payment information are yellow. *Id.* The claims otherwise recite generic and conventional computer components (*e.g.*, processor, memory, display, input, and output). In short, these claims exhibit no "meaningful difference" because they disclose "performance of the same basic process" with only immaterial variations.[2] *Smart Sys. Innovs. v. Chi. Transit Auth.*, 873 F.3d 1364, 1368 n.7 (Fed. Cir. 2017); *Accenture Glob. Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336, 1344 (Fed. Cir. 2013) (finding that because the claims contain only "minor differences in terminology [but] require performance of the same basic process," they should rise or fall together).

      CardWare contends that certain claims that also recite obtaining a device account number relate to a fundamentally different and non-conventional architecture. Opp. at 10 (stating that '579 Patent, Claim 21[3] and '520 Patent, Claim 10 require use of a separate device account number). But combining a device account number with a one-time limited-use number still encompasses the same abstract idea of generating limited-use payment information for performing a payment transaction. *See* '520 Patent at 17:8-33. Further, like Representative Claim 19, Claim 10 of the '520 Patent lacks specificity regarding how to carry out the claimed invention. *Id.* CardWare also posits that claims of the '538 Patent are directed to online payment security (Claim 19), dynamic generation of a cryptogram (Claim 20), and tokenization of online payments (Claim 21), whereas Representative Claim 19 is directed to NFC in-person transactions.[4] *See* Opp. at 19-20 ("Online

---

[2] '520 Patent, Claim 10 includes an earlier step of receiving a static device account number ("DAN"). *See* Ex. 2 (red box); *see also* Opp. at 4-5 (depicting and discussing DAN). The '520 Patent does not disclose this as the invention and only uses the term in the claims. *See generally* '520 Patent. Rather, the purported invention is combining a cryptogram with a DAN. Opp. at 1. This step makes the claim no less abstract because all it specifies is a different input for the same abstract idea (a DAN instead of a PAN—primary account number, *see* Opp. at 4-5).

[3] Claim 21 of the '579 Patent is not identified in CardWare's Complaint and is not at issue.

[4] Claims 20-21 of the '538 Patent are not identified in CardWare's Complaint and are not at issue.

and NFC-based transactions have different security considerations."). Regardless of whether these claims were directed to particular payment scenarios (*i.e.*, online vs. NFC in-person), they all broadly claim the *idea* of generating limited-use payment information to make a payment (*i.e.*, "performance of the same basic process"); thus, they should rise and fall together. *Accenture*, 728 F.3d at 1344; *cf. TLI Commc'ns LLC v. AV Auto., LLC*, 823 F.3d 607, 613 (Fed. Cir. 2016) ("[A]lthough the claims limit the abstract idea to a particular environment—a mobile telephone system—that does not make the claims any less abstract for the step 1 analysis.").

*Second*, CardWare argues that, because it recently served infringement contentions asserting 144 claims, the Court should not limit its analysis to the four claims in the Complaint. Opp. at 1-2. As a procedural matter, the Court should at minimum address the Asserted Claims that Google moved to dismiss (*i.e.*, '520 Patent, Claim 10; '579 Patent, Claim 19; '538 Patent, Claim 19; '634 Patent, Claim 1). *See Hantz Software, LLC v. Sage Intacct, Inc.*, 2023 WL 2569956 (Fed. Cir. 2023) (finding that 12(b)(6) dismissal applies to the claims asserted in the operative complaint). Beyond that, CardWare's attempts to distinguish certain later-asserted claims from Representative Claim 19 of the '579 Patent (*e.g.*, by alleging that other claims recite aspects of tokenization or dynamic generation of a cryptogram) fail. *See, e.g.*, Opp. at 20 (identifying '538 Patent, Claim 20; '538 Patent, Claim 21). As stated above, those claims are broadly directed to the same patent-ineligible concept as the Asserted Claims (*i.e.*, generating limited-use payment information to perform a payment transaction). *See supra* § II.A. Thus, they provide no basis for denying Google's motion to dismiss and should be treated the same way.

*Third*, CardWare's contention that Google's analysis "cherry-picked limitations" rather than evaluated the claims "as a whole" is disingenuous. Opp. at 2, 18-20. As part of the Step One analysis, Google details that each limitation of Representative Claim 19 is directed to either generic computer components or functional limitations. Mot. at 6-7 (chart breaking down Representative Claim 19 by limitation). Google's analysis focuses on the purported claimed advance, an approach the Federal Circuit has endorsed as the proper means to evaluate patent eligibility. *See* Mot. at 7 ("In evaluating patent eligibility, courts look to 'the focus of the claimed advance over the prior

art to determine if the claim's character as a whole is directed to excluded subject matter.'" (citing *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016))). In doing so, Google analyzed the limitation related to generating limited-use payment information—the same concept that CardWare deemed inventive in its Complaint. Mot. at 7-9 ("CardWare's patented solution facilitates secure payment transactions by using a limited-use payment information instead of the static, issued card details that leave card details vulnerable to interception by fraudsters." (citing Dkt. 1 ¶ 2)). Google also noted that the other claim limitations reflected nothing but conventional steps or components (Mot. at 8-9), pointing to the specification to explain why (*id*). Google then explained why the claim does not represent an improvement to computer technology, and instead claims using a computer as a tool for performing an abstract idea. *Id*. at 10-12. Google did so by walking through the functional, result-oriented claim language. *Id*. at 10 ("The claim requires no specific method for 'priming' the electronic device (which is just an indicator of an imminent transaction), generating the 'limited-use payment information,' or transmitting the payment information. See '579 Patent at 24:65-25:24."). Google's analysis was holistic and not limited to "cherry-picked" portions of the claim. *See also infra* § II.B-C.

    **B.**    ***Alice*** **Step One: Claim 19 of the '579 Patent is Directed to an Abstract Idea.**

CardWare asserts that Representative Claim 19 is "not just about generating limited use information," but is "directed to a specific secure mechanism for efficiently and robustly making payment transactions using one of a plurality of selectable original payment options." Opp. at 7-8 (stating that Representative Claim 19 is "specific and concrete"). CardWare urges that this is a "new approach . . . for making secure payments." Opp. at 9. But CardWare fails to point to any purported specifics recited in Representative Claim 19 leading to a new approach. The claim is not drawn to any particular way to generate limited-use payment information. *See* '579 Patent at 25:17-19. And the specification simply states that the "limited-duration credit card number is able to be generated according to the selected account, a timestamp, a transaction amount, an indicated merchant, user key or secrets, on-card unique hardware secrets, credit card authority key or secrets, user input from the card interface, and other information associated with the transaction." '579

Patent at 7:12-18. There is nothing about *how* these inputs implement a purported new approach, which only serves to highlight the abstract nature of the claim. CardWare contends that Representative Claim 19 recites "a very specific solution—dynamically generating limited-use payment information on an as-needed basis in response to an NFC payment request, and that is tied to one of a variety of selectable accounts, all from the wallet of a single device." Opp. at 12. But CardWare's description of the claim language cannot alter the fact that, principally, the claim is directed to generating limited-use payment information to make a payment without claiming how to do so. CardWare also emphasizes that the purported invention is the inclusion of multiple selectable accounts on a single device. *See, e.g.*, Opp. at 3, 9, 12-13, 16. This is no different than opening a physical wallet containing multiple credit cards and selecting one to make a purchase, an act that has been known and conventional since before computers became ubiquitous.

As Google detailed, CardWare's approach closely resembles that which the Federal Circuit deemed abstract in *Digitech*. Mot. at 9-10 (citing *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014)). There, the Federal Circuit explained that the claim in question recited a process of combining two data sets into a single data set by taking existing information and organizing it into a new form. *Digitech*, 758 F.3d at 1351. The Federal Circuit found the claim patent ineligible and stated that a process directed to mathematical algorithms that manipulate existing information to generate additional information recite an ineligible abstract process of gathering and combining data. *Id*. Here, CardWare's own description of the purported invention mirrors that of *Digitech*. Opp. at 9 ("claim 19 requires dynamic generation of a limited-use replacement number that is linked to a selected one of a plurality of underlying accounts. . . and use of that replacement information to complete a transaction"). Tellingly, CardWare's Opposition never addresses *Digitech*. *See generally* Opp.

CardWare also contends that its purported invention "is an improvement to computer network security." Opp. at 9. But CardWare's argument misconstrues the facts and misapplies the law. Representative Claim 19 does not recite a technological improvement to the *functionality* of a computer. *Cf. Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016) (finding claims

directed to a specific improvement of a computer database's self-referential table were non-abstract). Instead, it claims generic computer components as a tool for implementing the claimed abstract idea. Mot. at 10-12. Specifically, Representative Claim 19 claims the result of combining different information to more securely perform a payment transaction but does not recite any specific means or method that improves the relevant technology itself (*e.g.*, the payment terminal or smartphone wallet). *See McRO, Inc. v. Bandai Namco Games Am. Inc*., 837 F.3d 1299, 1314 (Fed. Cir. 2016) ("We therefore look to whether the claims in these patents focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery.").

CardWare points to *Finjan* and *Ancora* as examples of non-abstract improvements to computer functionality, but those cases do not support its argument. *See* Opp. at 9, 10, 13. In its motion, Google explained that, unlike the non-abstract improvement to virus scanning of *Finjan*, Representative Claim 19 combines the conventional steps of storing payment information and authorizing a valid user with the abstract idea of generating and transmitting limited-use payment information. Mot. at 11-12 (citing *Finjan Inc. v. Blue Coat Sys., Inc.,* 879 F.3d 1299, 1304 (Fed. Cir. 2018)). Similarly, Google's motion explained that in *Ancora*, the Federal Circuit found that the claimed method specifically identified how the computer functionality improvement was effectuated in an unexpected way. Mot. at 11 (citing *Ancora Techs., Inc. v. HTC Am., Inc*., 908 F.3d 1343, 1348-49 (Fed. Cir. 2018), and explaining that Representative Claim 19 fails to disclose any specific characteristics not previously used in the way they are claimed). Representative Claim 19, in contrast, boils down to priming a device, authorizing payment, generating limited-use payment information, and transmitting said information, all of which are accomplished via generic and conventional computer components. '579 Patent at 24:65-25:24. CardWare's assertions that Representative Claim 19 is directed to a new approach are unavailing.[5]

---

[5] CardWare additionally argues that because Google amended a pending claim of U.S. Application No. 14/616,589 (ultimately issuing as U.S. Patent No. 10,762,496) to overcome an Examiner's Section 101 rejection, that somehow means CardWare's Asserted Claims are not abstract. Opp. at 14-15. As a preliminary matter, CardWare has removed significant portions of the claims it

CardWare's assertion that the claims are directed to a specific and non-conventional architecture is belied by the actual language of the claims. *See, e.g.*, '579 Patent, Claim 19. As detailed throughout Google's motion, Representative Claim 19 is directed to an abstract idea and conventional components/steps and lacks specific means or methods describing how to achieve the result of performing a payment transaction. *See generally* Mot. Essentially, Representative Claim 19 seeks to claim the entire *idea* of using limited-use payment numbers—however generated—to preempt every way of implementing that idea. In *ChargePoint, Inc. v. SemaConnect, Inc.*, the Federal Circuit found such result-oriented claims abstract because they encompassed all solutions for achieving a desired result and would preempt the industry's ability to use the mechanism. 920 F.3d 759, 769-70 (Fed. Cir. 2019) (rejecting plaintiff's arguments that the claims recite specific, narrowing limitations arranged in a particular manner). The Court explained the breadth of the claim language illustrated why any reliance on the specification in the § 101 analysis must always yield to the claim language. *Id.* at 769 ("Even a specification full of technical details about a physical invention may nonetheless conclude with claims that claim nothing more than the broad law or abstract idea underlying the claims, thus preempting all use of that law or idea."). The Court stated that the broad claim language covering any mechanism for implementing the claimed solution confirmed that the claim was directed to an abstract idea. *Id.* at 770. The same is true here. Without the requisite specificity, CardWare's broad, result-oriented claims risk preemption of the entire idea of performing a payment transaction with a limited-use number. Google addressed CardWare's lack of specificity throughout its motion when analyzing Claim 19 of the '579 Patent. Further, CardWare's assertion that Claim 10 of the '520 Patent and Claim 21 of the '579 Patent encompass other concepts that Google does not address is inaccurate. *See* Opp.

---

compares and fails to give any explanation related to the claim-in-question's limitations. *Id*. But more to the point, Google's prosecution of a patent application unrelated to this litigation bears no relevance to whether CardWare's Asserted Claims are eligible under 35 U.S.C. § 101. CardWare's judicial estoppel argument (Opp. at 14-15) also fails because there has been no showing that Google made contradictory statements related to the same argument—nor could there be when different claims of different patents are being considered. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (judicial estoppel protects the judicial process by "forbid[ding the] use of intentional self-contradiction . . . as a means of obtaining an unfair advantage." (citation omitted)).

at 11. As explained above, Claim 10 of the '520 Patent's recitation of combining a device account number with a one-time limited-use number does not alter the patent-ineligible nature of that claim. *See supra* § II.A. Claim 10 of the '520 Patent also adds a laundry list of values that could be used in the process of generating the limited-use number. '520 Patent at 17:24-29. Far from providing specificity, this broad list highlights how CardWare seeks to preempt the idea of limited-use payment numbers.[6] As for Claim 21 of the '579 Patent, it fails for the same reasons; but as noted above it was not asserted in the Complaint, and therefore is not properly at issue here.

CardWare's assertion that the Federal Circuit's holding in *Koninklijke* supports finding Representative Claim 19 non-abstract is strained. *See* Opp. at 10-11. There, the Federal Circuit found the claims non-abstract because they specifically recited how checking particular data transmission blocks was performed (*i.e.*, modifying the bit position applied to different data blocks), and this specific implementation was a key insight to enabling prior art error-detection systems to catch previously undetectable errors. *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1153 (Fed. Cir. 2019) ("[W]e conclude that the appealed claims are not directed to an abstract idea because they sufficiently capture the specific asserted improvement in detecting systematic errors . . . ."). Here, Representative Claim 19 fails to capture the specific asserted improvement; it is so broad as to try to preempt any way of generating limited-use payment information for use in a payment transaction, rendering the claim abstract and patent-ineligible. Accordingly, *Koninklijke* is inapposite.

### C.   *Alice* Step Two: Claim 19 of the '579 Patent Lacks an Inventive Concept.

The limitations of Representative Claim 19, individually or as an ordered combination, do not provide an inventive concept; neither the claim nor the specification provides for implementing the abstract idea using anything other than conventional technology. Mot. at 14-20. Indeed, they fail to detail an improvement to an electronic device or generic computer components. *Id*. at 18.

Here, too, CardWare's contention that Google has not considered the claims individually

---

[6] To the extent CardWare points to claims requiring a payment processing authority to validate the transaction (*e.g*., '538 Patent, Claim 21), those claims similarly lack specificity as to how that process is carried out. *See* '538 Patent at 23:51-24:8.

or as an ordered combination (Opp. at 18) is incorrect. *See* Mot. § IV.B.1.b. CardWare further alleges that Google's brief is "replete with unsupported statements about what was conventional." Opp. at 17. However, throughout its motion, Google pointed to relevant Federal Circuit precedent finding that similar claims directed to facilitating secure financial transactions were routine and conventional. *See USR*, 10 F.4th at 1353 ("[V]erifying the identity of a user to facilitate a transaction is a fundamental economic practice that has been performed at the point of sale well before the use of POS computers and Internet transactions."); *AuthWallet*, 2023 WL 3330298, at *4 (finding the claims failed to recite an inventive concept because they merely recited well-known and conventional ways to perform authentication, a concept that is not inventive); *Innov. Scis.*, 778 F. App'x at 864 ("There is no inventive concept in the claim's use of a generic payment server 'to perform well-understood, routine, and conventional activities commonly used in industry.'" (citation omitted)). Such cases finding that authenticating a user prior to performance of a payment was conventional are akin to the steps recited in CardWare's claims.[7] *See* Mot. at 12-14.

CardWare states that Representative Claim 19 does not simply claim the result of a secure payment transaction but instead recites the components to be used, what the processor must be operable to do, and what must be accomplished. Opp. at 18. CardWare then inconsistently asserts that the claim does not have to specify how to perform the payment transaction steps. *Id*. at 18. CardWare is incorrect. The law is clear that the Section 101 inquiry focuses on what is described in the *claims*. *Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1316 (Fed. Cir. 2016) (finding claims abstract where there was "no restriction on how the result is accomplished" and the "mechanism . . . is not described"); *see also Elec. Power Grp. v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016) (finding no inventive step because the claims did not explain how limitations

---

[7] The *USR* case discusses authentication via use of encrypted information. *See, e.g.*, 10 F.4th at 1353. CardWare asserts that Google confuses encryption with tokenization (Opp. at 5 n.3) but fails to point to any portion of its claims or specification that explicitly recite or explain tokenization. Both encryption and tokenization are used to obfuscate information for the purposes of improving security. And to the extent they are different, Google's analysis does not rely upon any distinction between the two processes. At any rate, in arguing that its claims are non-abstract, CardWare relies on a case related to a method for securing data based on encryption techniques. *See* Opp. at 13 n.8. CardWare's distinction should therefore be rejected.

are performed). And here Representative Claim 19 fails to explain *how* to perform any of the claimed steps. *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017) (finding claimed solution failed to capture improvement in computer functionality where claims recited abstract steps without describing how goal was achieved). CardWare attempts to point to other claims to argue away the deficiencies of Representative Claim 19 (*see* Opp. at 18), but those claims also lack specificity on how to perform the payment transaction.

### D. Leave to Amend the Complaint Would Be Futile.

A district court may dismiss without leave to amend where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1295 (Fed. Cir. 2024). No amendment to a complaint can alter what a patent itself states. *See Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 705-06 (Fed. Cir. 2023) (affirming district court finding that proposed amended complaint would be futile in light of patent-ineligible claims). Because the claims are directed to an abstract idea implemented via conventional components and fail to recite a specific improvement to the underlying technology, any additional assertions would not transform the claims into patent-eligible subject matter. *Id*; *see also supra* § II.B-C; Mot. § IV.B.

CardWare says it is prepared to amend its Complaint to include factual assertions related to the claimed technology and reflected in the specifications of the asserted patents. Opp. at 20. But CardWare already chose not to avail itself of the procedural opportunity to do that in response to this motion. *See* Fed. R. Civ. P. 15(a)(1). And short of amending the claim language itself, there are no specific statements regarding the scope of the purported invention that would create a factual issue sufficient to overcome a motion to dismiss, rendering any amended complaint futile. *ChargePoint*, 920 F.3d at 769 ("the specification cannot be used to import details . . . if those details are not claimed"). Thus, there is no basis to grant CardWare leave to amend.

### III. CONCLUSION

For the foregoing reasons, and the reasons stated in Google's motion, CardWare's Complaint should be dismissed because the Asserted Claims are patent ineligible.

DATED: March 17, 2025                              Respectfully Submitted,

By: /s/ Matthias A. Kamber
   Matthias A. Kamber
   matthiaskamber@paulhastings.com
   PAUL HASTINGS LLP
   101 California Street, 48th Floor
   San Francisco, CA 94111
   Telephone: (415) 856-7000
   Facsimile: (415) 856-7100

   Robert W. Unikel (*pro hac vice*)
   robertunikel@paulhastings.com
   PAUL HASTINGS LLP
   71 S. Wacker Drive, Suite 4500
   Chicago, IL 60606
   Telephone: (312) 499-6000
   Facsimile: (312) 499-6100

   Elizabeth L. Brann (*pro hac vice*)
   elizabethbrann@paulhastings.com
   PAUL HASTINGS LLP
   4655 Executive Drive, Suite 350
   San Diego, CA 92121
   Telephone: (858) 458-3000
   Facsimile: (858) 458-3005

   Robert R. Laurenzi (*pro hac vice*)
   robertlaurenzi@paulhastings.com
   PAUL HASTINGS LLP
   200 Park Avenue
   New York, NY 10166
   Telephone: (212) 318-6000
   Facsimile: (212) 319-4090

   James V. Razick (*pro hac vice*)
   jamesrazick@paulhastings.com
   Jason Mikus (*pro hac vice*)
   jasonmikus@paulhastings.com
   Puja V. Patel (*pro hac vice*)
   pujapatel@paulhastings.com
   PAUL HASTINGS LLP
   2050 M Street NW
   Washington, D.C. 20036
   Telephone: (202) 551-1700
   Facsimile: (202) 551-1705

Katharine Lee Carmona
TX State Bar No. 00787399
kcarmona@jw.com
JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Facsimile: (512) 236-2002

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
JACKSON WALKER LLP
1900 Broadway, Suite 1200
San Antonio, Texas 78215
Telephone: (210) 978-7700
Facsimile: (210) 978-7790

Attorneys for Defendant
GOOGLE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

                                                */s/ Matthias A. Kamber*
                                                Matthias A. Kamber