IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **CARDWARE, INC.,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 7:24-CV-00278-DC-DTG |
| § | |
| **GOOGLE, LLC,** § | |
| § | |
| *Defendant.* § | |

**REPORT AND RECOMMENDATION TO
<u>DENY THE DEFENDANT'S MOTION TO DIMISS</u>**

TO:    THE HONORABLE DAVID COUNTS,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant, Google LLC's Motion to Dismiss for Failure to State a Claim (Dkt. No. 19). For the following reasons, the Court **RECOMMENDS** that the motion be **DENIED**.

## I.    BACKGROUND

The plaintiff, CardWare Inc., asserts that the defendant, Google LLC, directly, willfully, and indirectly infringes four patents owned by the plaintiff. Dkt. No. 1 at 1–2.[1] The asserted patents are associated with the plaintiff's SmartTokenization™ technology, which enables payment cards with security and usage features. Dkt. No. 1 at 5. Claim 19 of the '579 patent is at

---

[1] The asserted patents are U.S. Patent Nos. 10,339,520; 10,810,579; 11,176, 538; and 11,620,634.

issue here. Claim 19 of the '579 patent recites:

> "An electronic device comprising:
>
> at least one processor;
>
> a memory coupled to the at least one processor;
> a display operable to present a visual user-interface comprising device inputs; display output;
>
> a device output;
>
> an NFC interface operable to receive a transaction request when in proximity to an NFC recipient;
>
> wherein the processor is operable to execute a program to implement a method comprising:
>
> > accepting a priming action of the electronic device by an identified device user, from the device input;
> >
> > enabling the electronic device for imminent performance of a payment operation responsive to the priming action of a valid user;
> >
> > displaying a summary of selectable payment account options on the display;
> >
> > receiving a payment selection and approval authorization from a valid device user via the device input; and
> >
> > responsive to receiving an NFC transaction payment request, generating a limited-use payment information for use in place of card issuer payment information;
>
> wherein the NFC interface is operable to transmit said payment information from said electronic device to the NFC recipient of the transaction; and wherein further the processor is operable to cause the display to visually convey a status of the transaction."

'579 Patent at 24–25.

## II.     LEGAL STANDARD

**A.     Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

The defendant filed the present motion under Rule 12(b)(6), which requires the Court to determine whether the asserted technology is patentable under 35 U.S.C. § 101.  To satisfy

invalidity under 35 U.S.C. § 101, the defendant must prove (1) that the patent is directed at an abstract idea, and (2) that the patent fails to contain an inventive concept. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). Courts can resolve patent eligibility at the pleading stage "only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic record and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

B.  **Patent-eligible subject matter under 35 U.S.C. § 101**

In the context of patent infringement, the plaintiff's asserted patents must be patentable under 35 U.S.C. § 101 and the *Alice* two-part test. Section 101 of the Patent Act defines the subject matter eligible for patent protection as, "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. Courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice*, 573 U.S. at 217 (citations omitted). In *Alice*, the Supreme Court created a two-step framework for determining the patentability of asserted patents. *Id*. The first step of *Alice* requires that the Court must determine whether the claim at issue is directed to a patent-ineligible concept, which in this case is an abstract idea. *Id*. The Court in *Alice* also articulated that "a claim that recites an abstract idea must include 'additional features'" to ensure that the claim is not attempting to monopolize an idea. *Id*. at 21. If the claim is directed toward an abstract idea, then the Court must proceed to the second step. The second step of *Alice* considers whether the elements of each claim, both individually and as an ordered combination, transform the claim into a patent-eligible application of the concept. *Id.* (internal citations omitted). Failure at either step from *Alice* requires denial of the motion to dismiss.

### III. DISCUSSION

**A.  Deciding whether Claim 19 is directed to an abstract idea is inappropriate at this stage.**

The defendant contends that Claim 19 of the '579 patent is invalid under 35 U.S.C. § 101. The defendant argues that Claim 19 is directed to an abstract idea because it only details the generic process for creating limited-use payment information. Dkt. No. 32 at 13. The plaintiff responds that the defendant failed to consider Claim 19 in its entirety, as required by *Alice* step one. Dkt. No. 44 at 11. Nevertheless, the plaintiff asserts that Claim 19 is not directed to an abstract idea because it is more than just "generating limited use information," it is "directed to a specific secure mechanism for efficiently and robustly making payment transactions using one of a plurality of selectable original payment options," all on one device. Dkt. No. 44 at 11–12. Additionally, the plaintiff contends that the claim "recites the specific steps to achieve the result of improving computer security in payment transactions," which goes beyond explaining a generic method. Dkt. No. 44 at 12. As the first step of *Alice* requires the plaintiff to go beyond merely reciting an abstract idea, the Court is persuaded that such a determination regarding Claim 19 is best made with a more complete record and after claim construction. This is a sufficient, but not the only, basis to deny the motion to dismiss.

**B.  Determining whether Claim 19 includes an inventive concept is another reason to deny the defendant's motion to dismiss.**

Regardless of step one of the *Alice* test, the plaintiff demonstrates factual disputes about whether its technology improves upon limited-use payment technology. Dkt. No. 44 at 12. The defendant believes that Claim 19 does not detail how the plaintiff's process functions differently from the conventional ones. Dkt. No. 32 at 13; Dkt. No. 52 at 12. The plaintiff asserts that Claim

19 of the '579 patent allows users to securely make payments from one device that generates "limited-use payment information tied to [a] selected payment account from your device," which is alleged to be a new and "elusive" concept in payment security. Dkt. No. 44 at 12. Specifically, the plaintiff has pled that its patented technology is inventive because it allows users to choose "selectable payment options," which all operate on one device, and "are separately tokenized." Dkt. No. 44 at 12. This raises an apparent factual dispute over whether the asserted patents include an inventive concept. As such factual disputes are better resolved on a more complete record after completion of discovery, this is an additional basis to deny this motion to dismiss. *See Aeritas, LLC v. Off. Depot*, LLC, No. 6:22-cv-00986-ADA-DTG, 2024 WL 1336487, at *1 (W.D. Tex. Mar. 28, 2024) (citations omitted), *report and recommendation adopted*, No. W-22-CV-00986-ADA, 2024 WL 1624734 (W.D. Tex. Apr. 15, 2024) (noting that a determination of invalidity under § 101 is rarely appropriate at the pleading stage).

**C.  The parties' dispute over the representativeness of Claim 19 is an additional basis to deny the defendant's motion.**

The defendant contends that Claim 19 is representative because the asserted claims are substantially similar because they are "linked to the same abstract idea," and they include "substantially similar functional limitations." Dkt. No. 32 at 9. The plaintiff rejects this assertion and contends that the asserted claims are directed to different security considerations while noting that the defendant failed to address each of the claims. Dkt. No. 44 at 23. Because there is a dispute over the representativeness of Claim 19 and the defendant failed to specifically address the other claims, the Court has an additional basis to deny the defendant's motion.

### IV.   CONCLUSION

The defendant's motion to dismiss should be denied for several reasons. First, the court has insufficient evidence and has not construed any claims that would allow the Court to determine whether Claim 19 of the '579 patent fails the first step of *Alice*. Additionally, there are factual disputes over whether Claim 19 includes an inventive, non-conventional concept that would survive *Alice* step two. Finally, as the defendant has failed to address all the claims, the dispute over whether Claim 19 is representative of all the claims prevents the Court from granting the defendant's motion to dismiss. Each of these points counsel in favor of addressing patentability after discovery and with a more complete record, and each is a basis for denying the defendant's motion. *See Coop. Ent., Inc.*, 50 F.4th at 136 (reversing the grant of a motion to dismiss because there were "plausible factual allegations that the claims include inventive concepts").

### V.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss (Dkt. No. 32) should be **DENIED**.

### VI.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 15th day of August, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE